IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE LEROY BURR,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO REDUCE SENTENCE**<br><br>Case No. 2:14-CR-00154-DN-1<br><br>District Judge David Nuffer |

Defendant Wayne Leroy Burr seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines,[1] which "provides a retroactive two-offense-level reduction for certain drug offenses."[2]

Because Mr. Burr's sentence was not based on a guideline range which was *subsequently* lowered by Amendment 782, Mr. Burr's is ineligible for relief under § 3582(c)(2), and his Motion[3] is DISMISSED for lack of jurisdiction.

## DISCUSSION

"Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed."[4] "Nevertheless, a district court may modify a sentence if there is statutory authorization to do so."[5] Such authorization is found at 18 U.S.C. § 3582(c)(2).

---

[1] 18 U.S.C. § 3582(c)(2) – Motion for Reduction of Sentence. Amendment 782 ("Motion"), docket no. 599, filed June 30, 2017.

[2] *United States v. Wilson*, 638 Fed. App'x 722, 723 (10th Cir. 2016).

[3] Docket no. 599, filed June 30, 2017.

[4] *United States v. Larsen*, 664 Fed. App'x 751, 752 (10th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

[5] *Id*. (citing *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013)).

"Section 3582(c)(2) allows courts to consider certain factors and reduce a sentence that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission if doing so is consistent with the Sentencing Commission's policy statements."[6]

To obtain a sentence reduction under § 3582(c)(2), "a defendant must overcome three *distinct* hurdles[.]"[7] "*First*, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing."[8] "If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed."[9] "*Second*, under § 3852(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)."[10] "Those statements and accompanying commentary appear at U.S.S.G. § 1B1.10."[11] "*Third*, the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[12]

Mr. Burr's Motion fails to overcome the first hurdle for obtaining a reduction of his sentence under § 3582(c)(2). Mr. Burr argues he is entitled to a reduction of his sentence under § 3582(c)(2) based on the Sentencing Commission's Amendment 782.[13] Amendment 782 "modified U.S.S.G § 2D1.1(c)'s Drug Quantity table" by reducing "the base offense levels for many federal drug trafficking crimes by two levels."[14] Amendment 782 became effective on

---

[6] *Id*. (citing 18 U.S.C. § 3582(c)(2)).

[7] *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (emphasis in original).

[8] *Id*. (emphasis in original).

[9] *Id*.

[10] *Id*. (emphasis in original).

[11] *Id*.

[12] *Id*. at 1289-90 (emphasis in original).

[13] Motion at 5-6.

[14] *United States v. Castillo-Arment*, 658 Fed. App'x 931, 932 (10th Cir. 2016).

November 1, 2014, and was made retroactive by the Sentencing Commission's Amendment 788.[15]

Mr. Burr pleaded guilty to one count of conspiracy to distribute heroin, a violation of 21 U.S.C. § 841(a)(1), and one count of money laundering, a violation of 18 U.S.C. § 1957.[16] He was sentenced on June 29, 2016,[17] *after* the effective date of Amendment 782.[18] Mr. Burr's presentence report identified his guideline range of imprisonment as 151 months to 188 months based on a total offense level of 32 and a criminal history category of III.[19] And used the 2015 Sentencing Guidelines Manual, incorporating all guideline amendments—including Amendment 782—to determine his offense level.[20] Therefore, because Amendment 782 was used to determine Mr. Burr's guideline range, his guideline range was not *subsequently* lowered by Amendment 782.

Additionally, Mr. Burr was sentenced to a stipulated 96-month term of imprisonment.[21] Mr. Burr's Plea Agreement expressly provides that "[p]ursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 96 months imprisonment, which I agree is a reasonable sentence."[22]

---

[15] *Id*.

[16] Judgement in a Criminal Case ("Judgment") at 1, docket no. 546, filed July 6, 2016; Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) ("Plea Agreement") at 1-2, docket no. 510, filed Apr. 12, 2016; Minute entry for Proceedings Held Before Kenneth G. Gale, docket no. 509, filed Apr. 12, 2016.

[17] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 544, filed June 29, 2016.

[18] *Castillo-Arment*, 658 Fed. App'x at 932.

[19] Presentence Investigation Report ¶ 93, docket no. 538, filed June 13, 2016.

[20] *Id*. ¶¶ 39-50.

[21] Judgment at 2; Plea Agreement ¶ 12.b.

[22] Plea Agreement ¶ 12.b.

Under precedent established by Justice Sotomayor's concurrence in *Freeman v. United States*[23] and the Tenth Circuit in *United States v. Graham*,[24] the "two situations in which a [R]ule 11(c)(1)(C) plea agreement is based on a [g]uidelines sentencing range [are]: (1) when the agreement calls for the defendant to be sentenced within a particular [g]uidelines sentencing range, or (2) when the plea agreement provides for a specific term of imprisonment but also makes clear that the basis for the specific term is a [g]uidelines sentencing range applicable to the offense to which the defendant pleaded guilty."[25] "In the second situation, the sentencing range that forms the basis of the specified term should be evident from the agreement itself."[26]

Mr. Burr's sentence does not fall into either of these situations. Mr. Burr's Plea Agreement does not call for him to be sentenced within a particular guideline sentencing range. It calls for a specific 96-month term of imprisonment.[27] The Plea Agreement also makes no reference to Mr. Burr's guideline range being the basis for the 96-month term of imprisonment. The only reference to the sentencing guidelines in the Plea Agreement reads:

> I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.[28]

---

[23] 564 U.S. 522, 534-43 (2011) (plurality opinion).

[24] 704 F.3d 1275 (10th Cir. 2013).

[25] *United States v. Jones*, 634 Fed. App'x 649, 650 (10th Cir. 2015) (internal quotations and punctuation omitted).

[26] *Id*. at 650-51 (internal quotations omitted).

[27] Plea Agreement ¶ 12.b.

[28] *Id*. ¶ 3.

4

Therefore, Mr. Burr's sentence was based on his agreement with the government, not a guideline sentencing range.

Because Mr. Burr's sentence was not based on a guideline range which Amendment 782 subsequently lowered, Mr. Burr is ineligible for a sentencing reduction under § 3582(c)(2).[29] Therefore, jurisdiction over Mr. Burr's Motion is lacking.[30]

## ORDER

IT IS HEREBY ORDERED that Mr. Burr's Motion[31] is DISMISSED for lack of jurisdiction.

Signed August 29, 2017.

BY THE COURT

District Judge David Nuffer

---

[29] *Munoz*, 682 Fed. App'x at 636.

[30] *C.D.*, 848 F.3d at 1289.

[31] Docket no. 599, filed June 30, 2017.